IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00321-CMA-BNB

JERMAINE C. TARVER,

Applicant,

v.

J. M. WILNER, Warden, FCI Florence,

Respondent.

## ORDER

This matter is before me on the petitioner's request for appointment of counsel pursuant to 18 U.S.C. § 3006A. *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Doc. #2] (the "Application"), p. 11.[1] The request is DENIED.

Section 3006A provides in pertinent part:

> Whenever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2)(B).

The petitioner has not demonstrated that he is financially eligible for appointment of counsel.[2] In addition, "[i]n most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial

---

[1] I cite to the page numbers of the Application as they are assigned by the court's docketing system.

[2] The petitioner is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

evaluation <u>and</u> the court has determined that issues are presented calling for an evidentiary hearing." <u>Johnson v. Avery</u>, 393 U.S. 483, 487 (1969) (emphasis added). By separate recommendation, I have recommended that the Application be denied without the necessity of an evidentiary hearing.

    IT IS ORDERED that the petitioner's request for appointment of counsel is DENIED.

Dated April 6, 2010.

                             BY THE COURT:

                             s/ Boyd N. Boland
                             United States Magistrate Judge