IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00321-CMA-BNB

JERMAINE C. TARVER,

Applicant,

v.

J. M. WILNER, Warden, FCI Florence,

Respondent.

___

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
___

This matter is before me on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Doc. #2] (the "Application"), filed February 17, 2009, by Jermaine Tarver (the "petitioner"). The respondent filed a Response to Motion for Writ of Habeas Corpus [Doc. #13] (the "Response"). For the following reasons, I respectfully RECOMMEND that the Application be DENIED.

### I. BACKGROUND

The petitioner is currently incarcerated by the Bureau of Prisons ("BOP") at the Federal Correctional Institute in Florence, Colorado. He seeks credit against his sentence for time spent in custody from January 14, 2007, until August 10, 2007.

On August 26, 2006, the petitioner was arrested by police in Concord, California, for weapons and drug offenses. *Response*, Ex. A-1, ¶ 3. State charges were not filed. Id. However, on September 7, 2006, the petitioner was remanded to the California Department of Corrections

for a state parole violation. Id. On September 14, 2006, the petitioner agreed to 11 months of custody for the California state parole violation. Id. at ¶ 4.

On January 29, 2007, the petitioner was temporarily released to the U.S. Marshal Service pursuant to a federal writ. Id. at ¶ 5. On July 22, 2007, while on the federal writ, the petitioner was released from the California state sentence. He remained in the custody of federal authorities. Id. at ¶ 6. On August 10, 2007, the petitioner was sentenced in the Northern District of California to 58 months confinement for Felon in Possession of a Firearm. Id. at ¶ 7.

The petitioner received prior custody credit against his federal sentence from the day after his release from California State custody (July 23, 2007) until the day before he was sentenced (August 9, 2007). Id. at ¶ 8. He received credit toward his state term prior to July 23, 2007. Id. at ¶ 9.

The petitioner's projected satisfaction date is October 8, 2011. Id. at ¶ 8.

## II. ANALYSIS

The petitioner asserts that he is entitled to presentence credit on his federal sentence from January 14, 2007, until August 10, 2007. *Application*, p. 7.[1] He alleges he was in federal custody during that time. Id.

The petitioner's federal sentence is governed by 18 U.S.C. § 3585, which provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or

---

[1]I cite to the page numbers of the Application as they are assigned by the court's docketing system.

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).

The record shows that, although the petitioner was temporarily released on a federal writ while serving his state sentence, his state sentence was credited with the time he spent in federal detention until the state sentence was discharged on July 22, 2007. The remaining time spent in federal detention was credited to his federal sentence. Under section 3585(b), 18 U.S.C., the petitioner may not double dip and receive credit against his federal sentence for the time he was serving his state sentence. United States v. Wilson, 503 U.S. 329, 337 (1992) (stating that "Congress made clear that a defendant could not receive a double credit for his detention time" under section 3585(b)). The petitioner has received all of the prior custody credit to which he is entitled.

The petitioner also argues that his sentence should be reduced pursuant to the United States Sentencing Commission Guidelines. A challenge to the execution of a sentence, as above, is properly brought under 28 U.S.C. § 2241. McIntosh v. United States Parole Commission, 115 F.3d 809, 811 (10th Cir. 1997). However, a challenge to the validity of the sentence is properly brought under 28 U.S.C. § 2255 and must be filed in the district that imposed the sentence. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The petitioner's argument for reduction of his sentence under the Sentencing Commission Guidelines is a challenge to the validity of his sentence and must be brought pursuant to 28 U.S.C. § 2255 in the Northern District of California.

## III. CONCLUSION

I respectfully RECOMMEND that the Application be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 6, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge